PAYLAY HATS, INC., Plaintiff, *v.* MAX ZARITSKY, as President of Local No. 24, Cloth Hat, Cap and Millinery Workers International Union, and Another, Defendants.

Supreme Court, New York County, May 11, 1934.

*S. Arthur Glickstein* [*Abraham Wedeen* of counsel], for the plaintiff.

*Louis Waldman* [*David I. Ashe* of counsel], for the defendants.

WALSH, J. This action is brought to restrain defendants from picketing plaintiff's premises and from committing acts calculated to harm plaintiff in the conduct of its business.

Plaintiff corporation was and is engaged in the manufacture of hats and millinery. Defendants are two local labor unions of employees engaged in the operating, trimming and blocking of hats. It is alleged by plaintiff that the defendant unions, pursuant to a conspiracy to injure plaintiff's business and to compel it to employ only union labor, illegally violated plaintiff's property rights, and injunctive relief is prayed for.

Plaintiff conducted an open shop. In March, 1932, there was a general strike of union millinery workers. Defendants, in order

to bring about the unionization of plaintiff's plant, caused its premises to be picketed. It is conceded that such picketing of itself is not unlawful. It is charged, however, that in order to coerce plaintiff into employing only union labor the defendants conspired to interfere with plaintiff's property rights and in pursuance of such conspiracy committed the following unlawful acts: They mass picketed plaintiff's premises, whereby access to its place of business was unduly interfered with; they abused and intimidated plaintiff's employees and committed assaults upon them and also assaulted one of plaintiff's officers. Defendants admit the picketing of plaintiff's premises, but deny the existence of any conspiracy on their part to injure plaintiff or interfere with its property rights and also deny that they committed any wrongful acts.

The evidence adduced was conflicting. There was testimony in behalf of plaintiff which indicated that there was mass picketing whereby access to its establishment was made difficult, if not impossible. On the other hand, the evidence offered in behalf of defendants was to the effect that the number of pickets at no time exceeded a few and that if access to plaintiff's premises was rendered difficult it was due to the congregating of passerby and not to the acts of the defendants. So, similarly, was there a serious conflict in the testimony respecting the question of whether or not there had been abuse and molestation of plaintiff's employees by the defendants. While plaintiff's employees so testified, police officers who had been detailed at or near the premises during practically the entire period of the strike, testified there was no disorder but that the strike was peaceful and orderly. With respect to the assaults charged to have been committed, I find that the proof established but two, one committed by a picket of defendants' unions, the other by several persons upon one of plaintiff's officers. As to the first, it was shown that defendants as soon as they were apprised of the act of their picket, not only disapproved of her conduct but also called a meeting of the strikers at the plaintiff's plant and informed them that if there were a repetition of such incident all picketing of the plant would be discontinued by the unions. With respect to the assault committed on one of plaintiff's officers, the evidence might permit the inference that it was perpetrated by members of defendant unions; but, in any event, any finding that the unions authorized or in anywise countenanced such assault would be based on surmise and conjecture.

It is claimed by the defendants that plaintiff ran a so-called protected shop, i. e., a shop in which the employees were non-union, and the employer, for the purpose of preventing the unionization of its plant, hired gangsters to intimidate its employees and thereby

keep them from joining the union, and also to intimidate any union representatives from endeavoring to induce such employees to join their unions; that by reason of such conduct on the part of plaintiff it comes into court with unclean hands and is not entitled to equitable relief.

While the proof tends to show that plaintiff was paying sums of money to persons other than employees for the apparent purpose of preventing the unionization of its plant, no evidence was adduced showing any unlawful acts on their part interfering with the activities of the unions, and, consequently, even though plaintiff's practice is to be condemned, it, nevertheless, gives no warrant to defendants to interfere with plaintiff's right to peacefully conduct its business. As above stated, however, I find no overt acts on the part of defendants or their representatives whereby the legal rights of the plaintiff were infringed. A strike was pending. Complete unionization of plaintiff's plant was desired by defendants. Plaintiff on the other hand, was and for some time had been combating such efforts. Charges and countercharges of wrongdoing were being made, the unions claiming plaintiff was intimidating and coercing its employees, thereby keeping them from joining the unions, and plaintiff claiming that defendants were using illegal means to coerce its employees to join the unions and to intimidate the plaintiff into making its plant a union shop. In a struggle such as this, particularly where a strike is pending, as there was here, feeling runs high. Invariably some lawlessness results. Strikers and non-strikers and their respective sympathizers are apt to hurl epithets at one another, which not infrequently result in brawls. There is no doubt there were a number of these during the progress of the strike, but the evidence fails to show that they were the result of any conspiracy on the part of the defendants or that the defendants authorized or even ratified same. To justify the injunctive relief here sought it must be shown that a course of conduct was adopted by the defendants which had for its object the destruction or at least the crippling of plaintiff's business and that pursuant thereto acts in furtherance of such objects were committed. This has not been established.

The complaint is dismissed. Submit decision.